UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bernadette Kimbrough,

           Plaintiff,        Case No. 25-cv-10789

v.                               Judith E. Levy
                                United States District Judge
YMCA and Hannah Reisdorff,

                                Mag. Judge David R. Grand
          Defendants.

_____/

## ORDER TO CORRECT DEFICIENCIES OR VOLUNTARILY DISMISS THE SUIT

*Pro se* Plaintiff Bernadette Kimbrough filed the complaint against Defendants YMCA and Hannah Reisdorff on March 21, 2025. (ECF No. 1.) Plaintiff alleges she was subject to employment discrimination. (*Id.*) She asserts that "On 9/15/2023 YMCA Birmingham Hire me just to Fire me. Never Got me a chair for my disability. Never Any mention about it until the EEO. Ask them. Which is a Big Lie," but does not provide any other facts. (*Id.* at PageID.5.) She says her claim is related to failure to hire, termination of employment, failure to accommodate a disability, and retaliation. (*Id.* at PageID.4.) As set forth below, it is unclear what,

if any, relief Plaintiff requests and the basis for that relief. (*Id.* at PageID.6.) After reviewing the complaint, the Court finds that Plaintiff fails to state a claim as required by Federal Rule of Civil Procedure 8(a) and directs her to file an amended complaint.[1]

"Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of this

---

[1] The Court also reminds Plaintiff that on March 25, 2025, the undersigned issued an order to supplement the record regarding the application to proceed without prepaying fees or costs. (ECF No. 4.) Plaintiff must file an application with completed information by April 14, 2025. Failure to comply with this order, or the March 25, 2025 order, may result in dismissal.

2

rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level.") Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Despite this liberal pleading standard, the complaint does not comply with Rule 8. Plaintiff "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff does not include key facts, such as what kind of disability is at issue, when she was hired and terminated, how each

defendant specifically violated the law or her rights,[2] and what type of retaliation occurred. (*See* ECF No. 1, PageID.5.) She does not specify what laws or rights were violated. Additionally, Plaintiff appears to demand $15,000 in relief according to the civil cover sheet (ECF No. 1, PageID.9) but leaves the section of the complaint on relief and the basis for relief empty. (*See id.* at PageID.6.) It is unclear what relief Plaintiff seeks. Without these key allegations, Plaintiff does not give Defendants fair notice of her claims. The Court concludes that Plaintiff does not comply with Federal Rule of Civil Procedure 8(a).

Plaintiff must take immediate steps to correct the deficiencies by filing an amended complaint, or else voluntarily dismiss her claims. Plaintiff must do so by **April 14, 2025**. If Plaintiff fails to do so, the Court will dismiss her claims against these two Defendants for failure to prosecute pursuant to Local Rule 41.2.

IT IS SO ORDERED.

Dated: March 27, 2025  s/Judith E. Levy
Ann Arbor, Michigan  United States District Judge

---

[2] "Where a person is named as a defendant without an allegation of specific conduct, the complaint against [her] is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Cameron v. Howes*, No. 10-539, 2010 WL 3885271, at *6 (W.D. Mich. Sept. 28, 2010) (citing *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)).

4

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2025.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager