UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bernadette Kimbrough,

          Plaintiff,      Case No. 25-10789

v.                        Judith E. Levy
                         United States District Judge
YMCA and Hannah Reisdorff,

                         Mag. Judge David R. Grand

          Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL [7]**

### I.   Introduction

*Pro se* Plaintiff Bernadette Kimbrough filed the complaint against Defendants YMCA and Hannah Reisdorff on March 21, 2025. (ECF No. 1.) On the same day, Plaintiff filed an application to proceed without prepaying fees or costs (the "Application"). (ECF No. 2.) On March 25, 2025, the Court issued an Order to Supplement the Record because Plaintiff's Application was incomplete. (ECF No. 4.) The Court required Plaintiff to "file a revised application with completed information" by April 14, 2025. (*Id.* at PageID.18.) On March 27, 2025, the Court issued

an Order to Correct Deficiencies or Voluntarily Dismiss the Suit because Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8(a). (ECF No. 5.) The Court required Plaintiff to "take immediate steps to correct the deficiencies by filing an amended complaint, or else voluntarily dismiss her claims." (*Id.* at PageID.22.) The Court directed her to file the amended complaint by April 14, 2025, and cautioned that "[f]ailure to comply with this order, or the March 25, 2025 order [on her Application], may result in dismissal." (*Id.* at PageID.20.) As of April 16, 2025, Plaintiff had not filed a revised application or an amended complaint, and the Court issued an Order for Plaintiff to Show Cause. (ECF No. 6.) Plaintiff immediately filed this motion, which the Court construes as a motion to appoint counsel. (ECF No. 7.) For the reasons set forth below, the Court denies Plaintiff's motion.

## II. Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of

2

such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id.* at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent herself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Hinds v. Bush,* No. 20-12032, 2023 WL 11830137, at *1 (E.D. Mich. Apr. 11, 2023) *(citing Lavado*, 992 F.2d at 606)). Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

An "exceptional circumstance" goes "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Langworthy v. Tuck*, No. 23-13016, 2024 WL 3251275, at *3 (E.D. Mich. July 1, 2024) (quoting *Andwan v. Village of Greenhills*, No. 13-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)).

III. Analysis

3

Upon review of Plaintiff's complaint and case filings to this point, the Court finds that Plaintiff has not shown that exceptional circumstances warrant the appointment of counsel at this juncture.

Plaintiff's motion relies on her lack of financial resources, lack of legal resources, and disability. In her motion, Plaintiff "ask[s] for someone to help [her] fil[l] out the paper with no charge" because she "will never catch up from . . . financial[] ruin[]." (ECF No. 7, PageID.27.) She states, "I'm a 62[-year-]old woman with disability and no one has ever offered any help [to] me." (*Id.*)

The Court has carefully considered the relevant factors and finds this case is not exceptional. Courts in this district find that the combination of indigence, lack of financial resources, and disability does not necessarily create an exceptional circumstance. *See, e.g., Langworthy*, 2024 WL 3251275, at *4. Plaintiff's claim of employment discrimination is not particularly complex. *See Johnson v. Memphis City Sch.*, No. 09-2049, 2009 WL 6057287, at *1 (W.D. Tenn. June 4, 2009) (finding a case about employment discrimination "not so complex that the Court should exercise its discretion to appoint counsel at this time"). Lastly, Plaintiff's motion is premature at this stage of the proceedings

4

because the Defendants have not been served with the complaint or given an opportunity to respond to the complaint. It is generally the practice of this Court not to appoint counsel until the plaintiff has prevailed on a dispositive motion—such as a motion for summary judgment or motion to dismiss—that tests the merits of the claims presented. See *Vinson v. Fair*, No. 24-12003, 2024 WL 4437633, at *4 (E.D. Mich. Oct. 7, 2024) (citing *Bradley v. Smith*, No. 22-11457, 2024 WL 4179154, at *2 (E.D. Mich. May 24, 2024)); *West v. Unknown Afr. Am. Nurse*, No. 21-10225, 2021 WL 510229, at *1 (E.D. Mich. Feb. 11, 2021) (citing *Weatherspoon v. Dinsa*, No. 14-12756, 2015 WL 5634448, at *6 (E.D. Mich. Sept. 25, 2015)). Plaintiff may renew her motion if her case proceeds beyond the early stages of either an answer or a motion to dismiss.

However, there are resources in this district to assist *pro se* litigants. For example, Plaintiff may contact the Federal Pro Se Legal Assistance Clinic (the "Clinic"). The Clinic provides limited scope assistance to low-income, non-prisoner *pro se* litigants in the United States District Court for the Eastern District of Michigan. Clinic hours are Mondays, Wednesdays, and Fridays from 1:00 PM to 5:00 PM in Room 738 of the Theodore Levin U.S. Courthouse in Detroit.

## IV. Conclusion

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel. (ECF No. 7.)

IT IS SO ORDERED.

Dated: April 21, 2025       s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2025.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager