## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Bernadette Kimbrough,

                Plaintiff,       Case No. 25-10789

v.                                Judith E. Levy
                                United States District Judge

YMCA and Hannah Reisdorff,

                     Mag. Judge David R. Grand

                Defendants.

_____/

## <u>ORDER OF DISMISSAL</u>

Plaintiff Bernadette Kimbrough filed the complaint in this matter on March 21, 2025. (ECF No. 1.) Plaintiff also filed an application to proceed without prepaying fees or costs. (ECF No. 2.) Plaintiff is self-represented or *pro se.* On March 25, 2025, the Court issued an Order to Supplement the Record because "Plaintiff d[id] not provide the required financial information." (ECF No. 4, PageID.16.) The Court required Plaintiff to "file an [a]pplication with completed information by April 14, 2025." (*Id.* at PageID.18.) On March 27, 2025, the Court ordered Plaintiff to correct deficiencies in her complaint or else voluntarily dismiss the suit because her complaint failed to comply with Federal Rule of Civil

Procedure 8(a). (ECF No. 5.) The Court directed her to file the amended complaint by April 14, 2025 and cautioned that "[f]ailure to comply with this order, or the March 25, 2025 order [on her application], may result in dismissal." (*Id*. at PageID.20.) Plaintiff did not file a revised application or an amended complaint. On April 16, 2025, the Court issued an Order for Plaintiff to Show Cause, requiring Plaintiff to "show cause in writing by Friday, April 25, 2025 why this matter should not be dismissed for failure to prosecute, pursuant to Eastern District of Michigan Local Rule 41.2, and failure to comply with this Order, the Court's March 25, 2025 Order, and the Court's March 27, 2025 Order." (ECF No. 6, PageID.25.) Plaintiff then filed a motion to appoint counsel. (ECF No. 7.) The Court denied the motion but provided resources for *pro se* litigants in the Eastern District of Michigan. (ECF No. 8, PageID.33.)

The Court dismisses this case without prejudice due to Plaintiff's failure to comply with the Court's orders and her failure to prosecute the case against Defendants. Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R.

Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)),
*cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).
Courts in the Eastern District find a Rule 41(b) dismissal is proper after
the Plaintiff ignores an order warning her file a complete application to
proceed without prepayment of fees and costs. *See, e.g., Tucker v.
Quinones*, No. 23-CV-13120, 2024 WL 2947257, at *2 (E.D. Mich. June
11, 2024); *Tucker v. Fed. Bureau of Investigation*, No. 24-10961, 2024 WL
4682695, at *3 (E.D. Mich. Nov. 5, 2024); *Harper v. Warden, FCI
McDowell*, No. 20-00504, 2020 WL 8575205, at *1 (S.D.W. Va. Oct. 27,
2020), *report and recommendation adopted*, No. 20-00504, 2021 WL
626999 (S.D.W. Va. Feb. 17, 2021).

When contemplating the dismissal of a case under Rule 41(b), the
Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith,
> or fault; (2) whether the adversary was prejudiced by the
> dismissed party's conduct; (3) whether the dismissed party
> was warned that failure to cooperate could lead to dismissal;
> and (4) whether less drastic sanctions were imposed or
> considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th
Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th

3

Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff did not submit—by April 14, 2025—a complete application to proceed without prepaying the fees or costs of this litigation or an amended complaint. Plaintiff has also not requested an extension of time to submit these documents.[1] "Although [her] conduct does not establish bad faith, it nevertheless shows willfulness and fault in that [s]he was at best extremely dilatory in not pursuing [her] claim[s],

_____

[1] Although she filed a motion on March 16, 2025, it was not an application or the amended complaint. (ECF No. 7, PageID.27.) The Court construed it as a motion to appoint counsel, which it denied. (ECF No. 8.)

4

which indicates an intention to let [her] case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendants have not been prejudiced by Plaintiff's conduct because they have not been served with the complaint or appeared in the case.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court has repeatedly warned Plaintiff about the possibility of dismissal if she failed to comply with the Court's orders. On March 27, 2025, the Court warned that if Plaintiff did not "take immediate steps to correct the deficiencies by filing an amended

5

complaint, or else voluntarily dismiss her claims," before April 14, 2025, "the Court will dismiss her claims against these two Defendants for failure to prosecute pursuant to Local Rule 41.2." (ECF No. 5, PageID.22.) On April 16, 2025, the Court ordered Plaintiff to "show cause in writing by Friday, April 25, 2025 why this matter should not be dismissed for failure to prosecute, pursuant to Eastern District of Michigan Local Rule 41.2, and failure to comply with this Order, the Court's March 25, 2025 Order, and the Court's March 27, 2025 Order, pursuant to Federal Rule of Civil Procedure Rule 41(b)." (ECF No. 6, PageID.25.) On April 21, 2025, the Court reminded Plaintiff that she must file an amended complaint or face dismissal. (ECF No. 8, PageID.30 (citing ECF No. 5).) As of today's date, Plaintiff has still not heeded the Court's warnings.

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order for Plaintiff to supplement the record and an order for Plaintiff to correct deficiencies in the complaint. (ECF Nos. 4, 5.) The Court gave Plaintiff ample time to correct the deficiencies identified in those orders.

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's orders, for want of prosecution, and due to Plaintiff's failure to file a complete application to proceed without prepaying fees or costs. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 1, 2025                        s/Judith E. Levy
    Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2025.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager